UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SIMBA KIMONI-BEY, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:11-cv-01430-WTL-DML |
| | ) |
| CHRYSLER, LLC, | ) |
| | ) |
|   Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on the Defendant's motion for summary judgment (Dkt. No. 59). The Plaintiff has not filed a response to the motion, and the time for doing so has expired.[1] The Court, being duly advised, **GRANTS** the Defendant's motion for the reasons set forth below.

**I. STANDARD**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences

---

[1] Plaintiff Simba Kimoni-Bey is proceeding *pro se* in this case and was provided with the notice required by Local Rule 56-1(k). *See* Dkt. No. 62. It is evident that Kimoni-Bey did receive this notice because he filed a motion for extension of deadline to respond to the motion for summary judgment (Dkt. No. 63) which was granted by the Court (Dkt. No. 65). Nevertheless, Kimoni-Bey did not respond by the extended June 7, 2013, deadline.

in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

Because the Plaintiff failed to respond to the Defendant's motion for summary judgment, the facts asserted by the Defendant in its motion are deemed admitted by the Plaintiff to the extent that they are supported by evidence in the record. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations omitted). "However, a nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant." *Id.* (citations omitted). Rather, the Defendant must still demonstrate that it is entitled to judgment as a matter of law. *See id.*

## II.   BACKGROUND

In light of the fact that Kimoni-Bey did not respond to the Defendant's motion for summary judgment, the following properly supported facts of record asserted by the Defendant are taken as true for purposes of this ruling.

Kimoni-Bey began working for Chrysler at its Kokomo Transmission Plant ("the Plant") as an electrician in 1997. His employment was governed by a collective bargaining agreement, Chrysler's Standards of Conduct, and an attendance policy. On March 16, 2010, Kimoni-Bey had to appear for a court date after he was cited for driving on a suspended license. Kimoni-Bey informed Chrysler he would be absent from work that day and took a personal day to attend his

court hearing. He was expecting to only receive probation due to his prior conversations with the prosecutor; however, at the hearing, the judge sentenced him to serve ten days in jail.

Kimoni-Bey did not personally inform Chrysler of his incarceration and the resulting days he would miss despite company policy requiring employees to notify their supervisor if they are going to be absent from work. Under the applicable collective bargaining agreement, if an employee is absent without notice for five days, the employee is terminated and his seniority is ended. Instead, Kimoni-Bey asked his ex-wife to call Carl Greenwood, a union representative, to inform him of his incarceration. Greenwood then filed a leave of absence request on behalf of Kimoni-Bey, but it was denied because another electrician, David Achenbach, was on vacation that same week. Subsequently, Kimoni-Bey received a letter dated March 24, 2010, informing him that because he was absent for five days without notifying the Plant, he was terminated. He decided to grieve the termination.

In November 2010, Kimoni-Bey was reinstated without back pay. His reinstatement was subject to a conditional agreement—if Kimoni-Bey violated any of Chrysler's Standards of Conduct, he was subject to discipline, including discharge. Because he did not receive back pay, Kimoni-Bey decided to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that he was terminated because of his race.[2]

In April, 2011, Kimoni-Bey was terminated again for leaving the Plant without permission on two consecutive days. On April 27, 2011, Kimoni-Bey came to work, but told his supervisor that he needed to leave work early to take care of some family matters. The supervisor informed him that he was leaving at 11:00 a.m., so a different supervisor would be on

---

[2] Kimoni-Bey is African-American. He did not allege race discrimination in his union grievance.

3

duty at the time Kimoni-Bey needed to leave. Kimoni-Bey did not inform the second supervisor that he was leaving early, and he clocked out at 12:18 p.m.

The following day, April 28, 2011, Kimoni-Bey received a voice message on his cell phone informing him that his son was very upset because he had just learned of Kimoni-Bey's divorce. Kimoni-Bey decided to leave work to attend to this personal matter. He waited to inform his supervisor, but the supervisor never came to his office. Kimoni-Bey then called Chrysler's security department to inform them that he was leaving the plant and clocked out at 7:07 a.m. According to Chrysler, security personnel are not the appropriate person from which an employee can receive authorization to leave work early.

On April 28, 2011, Kimoni-Bey received a letter in the mail notifying him that he was terminated for violating the terms of his reinstatement agreement. He specifically violated the Standard of Conduct that prohibited "[u]nexcused absences or tardiness form your workstation, office, assigned workplace or plant during working hours." Def. Brief at 6. This termination decision was made by Keith Worthy, then Labor Relations Supervisor at the plant.

### III.   DISCUSSION

Kimoni-Bey's amended complaint asserts six claims. Counts 1, 2, 3, and 5 allege that he was terminated in March 2010 and April 2011 due to his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Counts 4 and 6 allege that he was terminated in April 2011 in retaliation for engaging in protected activity in violation of Title VII and Section 1981. The Defendant moves for summary judgment on all of Kimoni-Bey's claims.

### A. Kimoni-Bey's Race Discrimination Claims

Kimoni-Bey argues that he was treated less favorably than another similarly-situated Caucasian employee, and that he was terminated both in March 2010 and April 2011 because of his race. Under both Title VII and Section 1981, race discrimination can be established either using a direct or indirect method of proof. *See Harris v. Warrick Cnty. Sheriff's Dep't*, 666 F.3d 444, 447 (7th Cir. 2012) ("An employee alleging racial discrimination under Title VII or § 1981 may proceed via the direct or the indirect method of proof."). Chrysler argues that Kimoni-Bey's claims fail under either method. Ultimately, the Court agrees.

#### 1. The Direct Method

In order to prevail under the so-called direct method, Kimoni-Bey has to "put[] in enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue[.]" *Paz v. Wauconda Healthcare and Rehabilitation Centre, LLC*, 464 F.3d 659, 665 (7th Cir. 2006) (citation omitted). The Seventh Circuit has recognized "three distinguishable kinds of 'circumstantial' evidence of intentional discrimination":

> The first consists of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn. Second is evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic (pregnancy, sex, race, or whatever) on which an employer is forbidden to base a difference in treatment received systematically better treatment. Third is evidence that the plaintiff was qualified for the job in question but passed over in favor of (or replaced by) a person not having the forbidden characteristic and that the employer=s stated reason for the difference in treatment is unworthy of belief.

*Rudin v. Lincoln Land Comm. Coll.*, 420 F.3d 712, 720-21 (7th Cir. 2005) (citations omitted). Therefore, if Kimoni-Bey "can assemble from various scraps of circumstantial evidence enough to allow the trier of fact to conclude that it is more likely than not that discrimination lay behind

the adverse action, then summary judgment for the defendant is not appropriate[.]" *Morgan v. SVT, LCC*, 724 F.3d 990, 996 (7th Cir. 2013).

Chrysler argues that there is "no direct evidence of race discrimination." Def. Brief at 9. The Court agrees. As Kimoni-Bey has not presented any evidence, the Court relied on his own deposition, submitted by Chrysler, in determining whether there is any direct or circumstantial proof of discrimination. Kimoni-Bey's testimony regarding why he thought he was terminated because of his race is as follows:

> Q: Do you have reason to believe that Keith Worthy would want to terminate your employment [in March 2010], based on your race?
>
> A: I can't say. I can't say.

Kimoni-Bey Dep. at 42.

> Q: Do you have any reason to believe that Mr. Worthy would have terminated you because of your race in April of 2011?
>
> A: Possibly.
>
> Q: And why is that?
>
> A: I don't know. Maybe he didn't like me, I don't know.

*Id*. at 74.

> Q: Did Mr. Worthy ever exhibit any hostility based on the race, to your knowledge?
>
> A: No.

*Id*. at 76.

> Q: Why do you believe you were terminated in April 2011, due to your race?
>
> A: Again, the plant was hostile. There were people that were laid off, that were of Caucasian race, that wanted to get back to work. There was a large number of blacks that were bought in from other plants. That was [sic] gentleman that was treated totally different from me.

*Id.* at 95. These statements would certainly not lead a reasonable jury to conclude that it was more likely than not that race was a motivating factor in Kimoni-Bey's termination. In order to survive summary judgment, therefore, Kimoni-Bey will have to satisfy the indirect method under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

### 2. *The Indirect Method*

To succeed under this method, Kimoni-Bey must establish a prima facie case of intentional discrimination by showing that: (1) he is a member of a protected class; (2) he reasonably performed Chrysler's legitimate job expectations; (3) he suffered a materially adverse employment action; and (4) Chrysler treated him differently than a similarly situated employee outside his protected class. *Maclin v. SBC Ameritech*, 520 F.3d 781, 787 (7th Cir. 2008). "Upon establishing these elements, the burden shifts to the employer to produce evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action. If the employer succeeds here, then the burden shifts back to the employee to prove that these reasons were merely a pretext for discrimination." *Hancock v. Potter*, 531 F.3d 474, 478 (7th Cir. 2008) (internal quotation marks and citations omitted).

Typically, the Court would examine each of these prongs to determine if Kimoni-Bey could establish a prima facie case. However, for the purposes of this ruling, the Court will "skip over the initial burden-shifting of the indirect method and focus on the question of pretext." *Keeton*, 667 F.3d at 885. Therefore, the Court assumes, without deciding, that Kimoni-Bey could establish a prima facie case of race discrimination.[3] *See Rummery v. Illinois Bell Tel. Co.*, 250 F.3d 553, 556 (7th Cir. 2001) (skipping the prima facie case analysis because the plaintiff failed to present evidence that the defendant's reason for terminating him was pretext).

---

[3] Chrysler argues that Kimoni-Bey fails with respect to prongs two and four and therefore cannot establish a prima facie case.

Chrysler argues that it terminated Kimoni-Bey for legitimate, non-discriminatory reasons; namely, that in March 2010 he was absent from work for five days without notice, in violation of Chrysler's attendance policy, and in April 2011, he violated the terms of his conditional reinstatement agreement by leaving work early, without notice, two days in a row. Kimoni-Bey has failed to direct the Court to any evidence that this explanation was a pretext for race discrimination, and the Court is not otherwise aware of any such evidence. Accordingly, Chrysler is entitled to summary judgment on Kimoni-Bey's discrimination claims.

### B. Kimoni-Bey's Retaliation Claims

Kimoni-Bey argues that his April 2011, termination was retaliation for engaging in protected activity; namely, filing his EEOC charge in 2010. "The substantive standards and methods of proof that apply to claims of racial discrimination and retaliation under Title VII also apply to claims under § 1981." *Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012). Kimoni-Bey can proceed under either the direct or indirect method of proof, and again, Chrysler argues that Kimoni-Bey's claims fail under either method. The Court agrees.

#### *1. The Direct Method*

To avoid summary judgment on his retaliation claim against Chrysler under the direct method, Kimoni-Bey "must present direct evidence of (1) his statutorily protected activity; (2) a materially adverse action taken by [Chrysler]; and (3) a causal connection between the two." *Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012). Chrysler notes in its brief that "there is no dispute that Plaintiff engaged in a statutorily protected activity and subsequently suffered a materially adverse employment decision[.]" Def. Brief at 13. Therefore, the Court will focus its analysis on whether there is a causal connection between the two to prove a prima facie case of retaliation.

After reviewing the evidence submitted by the Defendant, it is clear that there simply is no evidence of a causal connection between Kimoni-Bey filing his EEOC charge and his April 2011 termination. The best Kimoni-Bey can muster is that he believes Chrysler management was aware of the fact he filed an EEOC charge. *See* Kimoni-Bey Dep. at 92. ("There was people aware of my actual suit, because a couple people in the union had been talking about the EEOC coming in asking some questions. I believe the EEOC requested files. So the management was full aware of the fact that the complaint had been filed."). However, when asked if anyone from Chrysler said anything to him about his filing, he responded "not from management." *Id*. at 97-98. Even assuming Chrysler was aware of the EEOC charge, Kimoni-Bey has failed to direct the Court to any evidence that his April 2011 termination was in retaliation for filing his charge, and the Court is not otherwise aware of any such evidence. Therefore, Kimoni-Bey cannot survive summary judgment utilizing the direct method.

## 2.  *The Indirect Method*

In order to survive summary judgment under this method, Kimoni-Bey must demonstrate that he (1) engaged in statutorily protected activity; (2) he met Chrysler's legitimate expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated employee who did not engage in statutorily protected activity. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 850 (7th Cir. 2008). "Upon establishing these elements, the burden shifts to the employer to produce evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action." *Hancock*, 531 F.3d at 478 (internal quotation marks and citations omitted).

As before, the Court will assume for the purposes of this ruling that Kimoni-Bey could satisfy his prima facie case and proceed to an analysis of pretext.[4] Chrysler argues that it terminated Kimoni-Bey in April 2011 for a legitimate, non-retaliatory reason; namely, that he violated the terms of his conditional reinstatement agreement by leaving work early, without notice, two days in a row. Kimoni-Bey has failed to direct the Court to any evidence that this explanation was a pretext for retaliation, and the Court is not otherwise aware of any such evidence. Accordingly, Chrysler is entitled to summary judgment on Kimoni-Bey's retaliation claims.

### IV.  CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment (Dkt. No. 59) is **GRANTED** in its entirety.

SO ORDERED: 09/23/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by US Mail to:**

    **Simba Kimoni-Bey**
    **4804 Spring Flower Court**
    **Indianapolis, IN 46237**

Copies to all counsel of record via electronic communication

---

[4] Chrysler argues that Kimoni-Bey cannot prove his prima facie case because he was not performing his job satisfactorily and he was not treated less favorably than a similarly situated employee.